**Guy W. BECKETT, Personal Representative of the Estate of Lois M. Beckett, individually and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**MELLON INVESTOR SERVICES LLC, a New Jersey limited liability company, Defendant–Appellee.**

No. 06–36044.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2009.*

Filed May 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Roblin John Williamson, Williamson & Williams, Seattle, WA, for Plaintiff–Appellant.

Robert J. Bocko, Esq., Nancy Harriss, Keesal Young & Logan, Seattle, WA, for Defendant–Appellee.

Before: B. FLETCHER and THOMAS, Circuit Judges, and CONLON,** District Judge.

## MEMORANDUM ***

Plaintiff Guy Beckett appeals the district court's dismissal of his complaint as preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part, and remand to the district court for further proceedings consistent with this opinion.

### I.

Beckett filed a class action complaint against defendant Mellon Investor Services, LLC, alleging as follows: In early March 2003, Beckett sent explicit instructions to Mellon to sell all Washington Mutual shares owned by his mother's estate, of which Beckett is the personal representative. Mellon did not sell the shares until late March, and even then, it sold the shares on two separate days rather than all at once. Mellon did not pay Beckett the highest available share price for either day; for one transaction, it paid him an amount less than the lowest share price on that day. Additionally, Mellon charged Beckett trading and service fees that it did not previously disclose and to which Beckett never agreed. Beckett's complaint also alleged that Mellon acted similarly toward other class members.

Beckett's complaint alleged breach of contract, breach of agency and fiduciary duties, unjust enrichment, and violation of Washington Revised Code Chapter 19.86, Washington's unfair business practices and consumer protection law, all state law claims.

The district court found that Beckett's claims were preempted by SLUSA and dismissed his complaint with prejudice.

### II.

SLUSA prohibits certain class actions based on state law which allege "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security" or allege that "the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." SLUSA, Pub.L. No. 105–353, § 101(a), 112 Stat. 3227, 3228 (codified as amended at 15 U.S.C. § 77p(b)).

 The Supreme Court has read the "in connection with" provision of SLUSA expansively. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 85–86, 126 S.Ct. 1503, 164 L.Ed.2d 179

---

** The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(2006). "It is enough that the fraud alleged 'coincide' with a securities transaction" for SLUSA preemption to apply. *Id.* at 85, 126 S.Ct. 1503(citing *United States v. O'Hagan,* 521 U.S. 642, 651, 117 S.Ct. 2199, 138 L.Ed.2d 724 (1997)). This court has elaborated that the misrepresentation or omission

> must relate to the nature of the securities, the risks associated with their purchase or sale, or some other factor with similar connection to the securities themselves. While the fraud in question need not relate to the investment value of the securities themselves, it must have more than some tangential relation to the securities transaction.

*Falkowski v. Imation Corp.,* 309 F.3d 1123, 1130–31 (9th Cir.2002) (quoting *Ambassador Hotel Co. v. Wei–Chuan Inv.,* 189 F.3d 1017, 1026 (9th Cir.1999)). Here, the alleged fees coincide with the sale of securities, since Mellon charged the fees for selling the securities. *Cf. Miller v. Nationwide Life Ins. Co.,* 391 F.3d 698, 702 (5th Cir.2004) (finding claim preempted that alleged misrepresentation of securities trading fees). The fees effectively reduce Beckett's take from the sale, and it is implicit in Beckett's allegations that, had Beckett or other class members known about the fees, they would have chosen or at least considered a different course of action with regard to the sale.

Moreover, as Beckett himself alleges in the complaint, "Defendant charged Plaintiff a Trading Fee … and a Service Fee … in connection with its sale of the shares of Washington Mutual, notwithstanding that such fees were never dis-closed or agreed to by Plaintiff." All his claims to some extent rely on the allegation that Mellon did not disclose its fees; they are all therefore based on allegations of omission and are prohibited by SLUSA.[1]

### III.

■ We have held that it is an abuse of discretion to dismiss a complaint with prejudice and without leave to amend when it could be amended to state a claim. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003). Because Beckett could amend his class complaint to allege claims that are not preempted, we reverse the district court's decision to dismiss with prejudice and remand for further proceedings consistent with this opinion.

In addition to his allegations of undisclosed fees, Beckett also claims Mellon excessively delayed in selling stock and failed to pay him and other class members the proper value of their shares. Beckett does not allege that Mellon made any statements regarding these actions or that some material fact relating to them was omitted. Nor does he allege that Mellon employed any kind of contrivance or deceptive device in connection with these actions. Although Beckett does not allege any specific terms of his contract with Mellon—making it unclear what exactly the supposed contract requires—Beckett could conceivably allege a breach of contract class claim that was not preempted, if, for example, the contract required Mellon to sell shares within a certain time or at a certain price, or if it prohibited the

---

1. By its plain language, SLUSA could perhaps be read to preempt entire lawsuits asserting covered claims, even if some individual claims do not meet the preemption requirements. This court has analyzed SLUSA preemption on a claim-by-claim basis, however. *See Falkowski,* 309 F.3d at 1131 (finding fraud claim preempted but not breach of contract claim); *see also In re Lord Abbett Mutual Funds Fee Litigation,* 553 F.3d 248, 257 (3d Cir.2009) (finding that SLUSA does not require dismissal of entire complaint if only some claims are preempted).

724

charging of these fees. Similarly, Beckett could allege a breach of fiduciary duty class claim that focuses on these actions, to the extent they violate such a duty. And if Beckett can allege class claims for unjust enrichment and violation of the Washington Consumer Protection Act that are not based on the failure to disclose fees, then he should also be allowed to do so.

Finally, Beckett could also amend his complaint to adequately plead an individual, as well as class, action. SLUSA preempts only class actions alleging certain state law claims; it does not prevent individuals from alleging such claims on their own behalf.

Each party to bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**